**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

JOHN O'MARA, et al.,

*Plaintiffs,*

v.

T.J. PLUMBING CO.,

*Defendant.*

No. 4:25-cv-1286 MAL

## Memorandum and Order

Plaintiffs filed a Motion for Summary Judgment against Defendant TJ Plumbing Co. Doc. 28. TJ Plumbing does not oppose the Motion. Doc. 32 at 1. The Court **GRANTS** Plaintiffs' Motion for Summary Judgment.

## I. Background

TJ Plumbing and the Plaintiffs entered into a collective bargaining agreement. Doc. 29-3. Under the agreement, TJ Plumbing must make contributions to various employee benefit plans by the 15th of each month. Doc. 29-3 at 31. Failure to make contributions leads to penalties, including 7% interest on unpaid contributions and liquidated damages equal to 20% of the value of unpaid contributions. Doc. 29-3 at 32. The collective bargaining agreement also requires TJ Plumbing to deduct unpaid union dues from employees' paychecks and remit the dues to the labor union. Doc 29-3 at 11.

TJ Plumbing did not make all required plan contributions. Doc 29-2 at 2. Nor did TJ Plumbing fully comply with its obligation to remit unpaid union dues. Doc 29-2 at 2. Consequently, Plaintiffs sued TJ Plumbing, alleging that TJ Plumbing failed to comply with the collective bargaining agreement. Doc 1. Because TJ Plumbing initially failed to respond to Plaintiffs' summons, the clerk of Court entered default.

Doc. 11. After TJ Plumbing finally made an appearance, the clerk of Court ordered TJ Plumbing to furnish documents so that Plaintiffs could conduct an accounting of the amounts owed under the collective bargaining agreement. Doc. 12. Through accounting, Plaintiffs determined that TJ Plumbing owes $85,487.54 in unpaid contributions and $20,231.93 in union dues. Doc. 29-2 at 2. Plaintiffs incurred $4,626.00 in accounting fees. Doc. 29-1 at 1.

After the accounting, Plaintiffs filed a Motion for Summary Judgment. Doc. 28. Defendant's Response did not contest Plaintiffs' Motion. Doc. 32 at 1. Plaintiffs seek $85,487.54 in unpaid contributions, $20,231.93 in union dues, $17,097.51 in liquidated damages, $5,984.13 in interest, and $4,626.00 in accounting fees. Doc. 29 at 2.

## II. Legal Standard

Rule 56 of the Federal Rules of Civil Procedure governs motions for summary judgment. The rule states that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When a motion for summary judgment is unopposed, "the district court must still determine that the moving party is entitled to judgment as a matter of law on that claim." *Interstate Power Co. v. Kansas City Power & Light Co.*, 992 F.2d 804, 807 (8th Cir. 1993). But a party's failure to "properly address another party's assertion of fact" allows a district court to "consider the fact undisputed for purposes of the motion." Fed. R. Civ. P. 56(e). TJ Plumbing has not addressed any of Plaintiffs' assertions of fact. Doc. 32 at 1. Therefore, the Court treats Plaintiffs' assertions of fact as undisputed for purposes of the Motion. Fed. R. Civ. P. 56(e). But the Court must still determine whether Plaintiffs are entitled to judgment as a matter of law on the basis of these undisputed material facts. Fed. R. Civ. P. 56(a).

## III. Analysis

### A. Legal Standard

Under the Employee Retirement Income Security Act (ERISA), employers who are required to make contributions to a "multiemployer plan" under the terms of a

collective bargaining agreement must make the contributions "in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145. If an employer fails to make required plan contributions, a plan representative or fiduciary may file a lawsuit seeking the unpaid contributions, interest, liquidated damages (provided that the damages do not exceed 20% of the unpaid contributions), attorney's fees, and costs of the action. *See* 29 U.S.C. § 1132(g)(2). The interest owed under the statute is calculated in the manner specified by the collective bargaining agreement. *Id.*

In addition, the terms of a collective bargaining agreement may be enforced in federal district court under Section 301(a) of the Labor-Management Relations Act (LMRA) (codified at 29 U.S.C. § 185(a)). Federal common law governs the contract dispute in a LMRA § 301(a) suit. *Miner v. Local 373*, 513 F.3d 854, 865 (8th Cir. 2008); *Textile Workers Union v. Lincoln Mills*, 353 U.S. 448, 456 (1957).

**B. The Employee Benefit Plans qualify as multiemployer plans.**

The employee benefit plans in this case are "multiemployer plans" within the meaning of 29 U.S.C. § 1145. To be a multiemployer plan, a plan must: (1) obligate multiple employers, (2) be maintained under a collective bargaining agreement involving a labor organization and more than one employer, and (3) satisfy any other requirements prescribed by regulation. 29 U.S.C. § 1002(37). Under the ERISA regulations, multiemployer plans must have a "substantial business purpose." 29 C.F.R. § 2510.3-37(c). Providing benefits to employees counts as a substantial business purpose. *Id.*

The employee benefit plans at issue here obligate more than one employer, and they are maintained under a collective bargaining agreement involving a labor organization and more than one employer. *See* Doc. 29-3 at 28 (referring to "[a]ll Employers obligated to the terms and provision[s] of this Collective Bargaining Agreement…"). Because the plans benefit employees, Doc. 29-3 at 28–31, they have a substantial business purpose. Therefore, the employee benefit plans are multiemployer plans. Thus, they may be enforced under 29 U.S.C. § 1132(g)(2).

### C. Plaintiffs are entitled to the requested amounts.

The collective bargaining agreement required TJ Plumbing to make contributions to the employee benefit plans. Doc. 29-3 at 31. TJ Plumbing failed to make all the required payments, leaving $85,487.54 in unpaid contributions. Doc. 29-2 at 2. Thus, 29 U.S.C. § 1132(g)(2) authorizes the award of $85,487.54 in unpaid contributions. Because the collective bargaining agreement specifies 7% interest on unpaid contributions, Doc. 29-3 at 32, Plaintiffs recover $5,984.13 (0.07 times $85,487.54) in interest. The plan also permits Plaintiffs to recover liquidated damages equaling 20% of the unpaid contributions. Doc. 29-3 at 32. Therefore, Plaintiffs recover $17,097.51 (0.20 times $85,487.54) in liquidated damages.

Plaintiffs also seek $4,626.00 in accounting fees. Doc. 29 at 2. Because the clerk of Court ordered the accounting, Doc. 12, the accounting fees may be classified as "costs of the action" under 29 U.S.C. § 1132(g)(2). Thus, Plaintiffs are entitled to $4,626.00 in accounting fees.

Finally, Plaintiffs seek $20,231.93 in unremitted union dues. Doc. 29 at 2. The collective bargaining agreement requires TJ Plumbing to deduct unpaid union dues from employees' paychecks and remit the amounts to the local union. Doc. 29-3 at 11. TJ Plumbing had $20,231.93 in unremitted union dues. Doc. 29-2 at 2. Therefore, Plaintiffs are entitled to $20,231.93 in union dues.

Thus, Plaintiffs are entitled to a total amount of $133,427.11.

## Conclusion

Plaintiffs' unopposed Motion for Summary Judgment is **GRANTED**. Plaintiffs shall file a motion requesting their attorney's fees and costs (excluding those already awarded in this Order) by November 20, 2026.[1] That motion shall include enough detail to allow the Court to determine the reasonableness of the attorney's fees and costs.

**SO ORDERED,**

This 6th day of November, 2026.

Maria A. Lanahan

MARIA A. LANAHAN
UNITED STATES DISTRICT JUDGE

[1] 29 U.S.C. § 1132(g)(2) (authorizing award of reasonable attorney's fees and costs of the action).